IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-01621-CMA-MEH

ROBERT MARTINICH,

    Plaintiff,

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

---

This matter is before the Court on Defendant The Travelers Home and Marine Insurance Company's ("Travelers") Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. # 27.) For the following reasons, the Court denies the Motion.

I.     **BACKGROUND**

This is an insurance coverage case arising from alleged damage that occurred to the roof of Plaintiff Robert Martinich's property during a hail and windstorm on June 8, 2019. (Doc. # 4 at ¶¶ 9, 17.) At the time, Plaintiff was insured with Travelers under Homeowners Policy No. 996812741 633 1 ("Policy"). (*Id.* at ¶¶ 8–9.) Plaintiff submitted a claim for which the parties were unable to agree as to the amount of loss. (*Id.* at ¶ 30.) After engaging in an appraisal process, the parties continued to dispute the specified roofing tiles for repairs and the amount of coverage. (*Id.* at ¶¶ 36–66.)

Plaintiff initiated this suit on June 6, 2022, by filing his Complaint in Douglas County District Court, Colorado. (*Id.* at 1.) In his Complaint, Plaintiff asserts claims for declaratory relief for *vacatur* of the appraisal award, breach of contract, common law bad faith breach of insurance contract, statutory unreasonable delay or denial of benefits, and violation of the Colorado Consumer Protection Act. (*Id.* at 13–20.) On June 29, 2022, Travelers removed the action to this Court. (Doc. # 1.)

Travelers filed the instant Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 27) on March 23, 2023. In its Motion, Travelers contends that Plaintiff lacked standing at the time he commenced this action because he had assigned his rights under the Policy to a third party. (*Id.* at 1–2.) Accordingly, Travelers asserts that this Court lacks subject matter jurisdiction and the case must be dismissed. (*Id.* at 2.) Plaintiff filed a Response on March 24, 2023, disputing that this Court lacks subject matter jurisdiction and asserting that any defect has been cured because the assignment has been cancelled. (Doc. # 30.) After carefully reviewing the issue, the Court agrees with Plaintiff and denies Travelers's Motion.[1]

## II.   LEGAL STANDARDS

It is well established that federal district courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah*

---

[1] The Court need not wait for the benefit of a reply to rule on the Motion. *See* D.C.Colo.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

*Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The determination of a court's subject matter jurisdiction is a question of law. *Madsen v. United States ex rel. U.S. Army, Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987).

The question of a plaintiff's standing to bring an action is a threshold issue that can be raised at any time. *See Bd. of Cnty. Comm'rs of Sweetwater Cnty. v. Geringer*, 297 F.3d 1108, 1111 (10th Cir. 2002.) The standing inquiry requires the Court to consider "both constitutional limits on federal-court jurisdiction and prudential limitations on its exercise." *Id.* (quoting *Sac & Fox Nation of Mo. v. Pierce*, 213 F.3d 566, 573 (10th Cir. 2000)). Constitutional standing derives from Article III of the United States Constitution, which restricts federal courts to adjudicating actual "cases" and "controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984). To establish constitutional standing, a plaintiff must plausibly allege "(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1622 (2020). Constitutional standing "is determined as of the time the action is brought." *Aid for Women v. Foulston*, 441 F.3d 1101, 1109 (10th Cir. 2006) (quoting *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005)).

Prudential standing, on the other hand, is "a judicially-created set of principles that, like constitutional standing, places 'limits on the class of persons who may invoke the courts' decisional and remedial powers.'" *Bd. of Cnty. Comm'rs of Sweetwater*, 297 F.3d at 1112 (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). The doctrine of

prudential standing also sets forth three requirements: (1) a plaintiff must assert his "own rights, rather than those belonging to third parties," *Sac & Fox Nation*, 213 F.3d at 573; (2) the plaintiff's claim cannot be a "general grievance" shared equally and generally by all or a large class of citizens, *Warth*, 422 U.S. at 499; and (3) the plaintiff's injury must "fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit," *Bennett v. Spear*, 520 U.S. 154, 162 (1997). Prudential standing embodies judicially self-imposed limits on the exercise of federal jurisdiction, but it "is not jurisdictional in the same sense as Article III standing." *Finstuen v. Crutcher*, 496 F.3d 1139, 1147 (10th Cir. 2007); *see also Wilderness Soc'y v. Kane Cnty., Utah*, 632 F.3d 1162, 1168 n.1 (10th Cir. 2011) (stating that "prudential standing is not a jurisdictional limitation and may be waived").

In addition to the prudential standing requirement that a plaintiff must assert his own rights rather than the rights of third parties, Federal Rule of Civil Procedure 17 mandates that an action "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a); *see also Boscoe Chung v. Lamb*, No. 14-cv-03244-WYD-KLM, 2018 WL 6429922, at *4 (D. Colo. Nov. 14, 2018) (observing that prudential standing's prohibition against asserting the rights of third parties "is essentially codified in Rule 17(a)(1)"). Rule 17(a)(3) provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

4

The real party in interest is "the one who, under applicable substantive law, has the right to bring the suit." *F.D.I.C. v. Geldermann, Inc.*, 975 F.2d 695, 698 (10th Cir. 1992) (quoting *Boeing Airplane Co. v. Perry*, 332 F.2d 589, 591 (10th Cir. 1963)).

### III.   DISCUSSION

In the instant Motion, Travelers argues that this case must be dismissed for lack of subject matter jurisdiction because Plaintiff lacked standing at the time of the commencement of this litigation. (Doc. # 27 at 3–4.) Essentially, Travelers contends, and Plaintiff does not dispute, that at the time this lawsuit was filed, Plaintiff had assigned his rights under the Policy to a third party: Infinity Roofing. *See* (Doc. # 27-1.) The Assignment of Insurance Benefits and Insurance Claim ("Assignment") names Plaintiff as the "assignor" and "customer" and Infinity Roofing as the "assignee" and "contractor." (*Id.* at 2.) It expressly provides:

> For good and valuable consideration received, including the fact that Contractor will relieve the Customer from the time and expertise necessary in dealing with their insurance company, and the contractor performing work as defined in the contract signed on 10/10/19 and in any later work change orders, agrees to transfer and assign to Infinity Roofing all of the Customer's rights and interest and benefits in the insurance claim(s) under Customer's Travelers Insurance Co. insurance policy no. OCQS38-99812741633-1 covering the recent wind and hail loss sustained at the Customer's property on June 8 – July 4, 2019 at 5227 Black Squirrel Run, Littleton CO 80125.
>
> The transfer of rights, benefits and interests includes any and all rights of the Customer to collect the proceeds to be paid under the claim from customer's insurance company. . . .
>
> Since Contractor is taking on the challenge of dealing with Customer's insurance company, including bearing all of the cost to employ legal counsel to assist in the recovery of the insurance proceeds, this assignment covers insurance proceeds for all contractual and extra contractual damages.

5

(*Id.*) The parties do not dispute that the Assignment was in effect in June 2022 when Plaintiff initiated this lawsuit and when Travelers removed the case to this Court. Further, there is no dispute that the Assignment was cancelled on October 5, 2022, when Infinity Roofing executed a "Cancellation of Assignment of Insurance Benefits and Insurance Claim" stating that the Assignment "is NULL and VOID." (Doc. # 27-2 at 2.)

**A.     STANDING**

First, the Court rejects Travelers's argument that the Assignment implicates constitutional standing or strips the Court of subject matter jurisdiction. Although Travelers asserts that Plaintiff lacked "standing" because he assigned his rights to Infinity Roofing, Travelers actually raises "a question of who is the real party in interest, rather than a jurisdictional issue." *Smith v. Allbaugh*, 987 F.3d 905, 909 (10th Cir. 2021); *see First Am. Title Ins. Co. v. Northwest Title Ins. Agency*, 906 F.3d 884, 890 (10th Cir. 2018) (rejecting defendants' argument that plaintiffs lacked constitutional standing and finding that defendants instead raise "the question of who is (are) the real party (parties) in interest, which is not a jurisdictional issue"); *see also EEOC v. Outback Steak House*, No. 06-cv-01935-EWN-BNB, 2007 WL 2947326, at *4 ("[W]hether Plaintiff is a real party in interest does not raise justiciability concerns.").[2] Standing and real party in interest are legally distinguishable concepts. *See K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d

---

[2] Travelers cites to the standards for Article III standing but otherwise does not address whether Plaintiff lacked constitutional standing at the outset of this litigation. Upon carefully reviewing the Complaint (Doc. # 4), the Court is satisfied that Plaintiff has demonstrated the elements of constitutional standing because he plausibly alleges (1) that he was injured (2) by Travelers's alleged failure to pay benefits owed relating to hail and wind damage to Plaintiff's roof and (3) that damages would provide redress for the injury. *See, e.g.*, *First Am. Title Ins. Co.*, 906 F.3d at 890.

1148, 1154 n.7 (10th Cir. 1985) (stating that a "standing challenge is not properly raised in connection with real party in interest analysis under Rule 17(a)" and that the two concepts should not be confused). "Even if standing jurisprudence is helpful by analogy in resolving real-party-in-interest issues, this does not convert real party in interest into a nonwaivable issue of subject matter jurisdiction." *Fed. Deposit Ins. Corp. v. Bachman*, 894 F.2d 1233, 1236 (10th Cir. 1990). Accordingly, the Court rejects Travelers's assertion that the issue raised by the Assignment is one of standing or subject matter jurisdiction.

**B.    RATIFICATION BY REAL PARTY IN INTEREST**

Having determined that standing is not the proper inquiry for resolving this motion, the Court turns to real party in interest analysis pursuant to Fed. R. Civ. P. 17(a). To determine the "real party in interest," courts must determine "who, under applicable substantive law, has the right to bring the suit." *Geldermann*, 975 F.2d at 698 (quoting *Boeing*, 322 F.2d at 591). For this diversity action, the Court must look to the Colorado law of assignments. *See Ostin v. State Farm Fire & Cas. Co.*, No. 19-cv-02579-PAB-SKC, 2021 WL 1087715, at *2 (D. Colo. Mar. 22, 2021) (referring to the Colorado law of assignments to determine real party in interest); *Boscoe Chung*, 2018 WL 6429922, at *4 (same). Colorado law provides that "if a claim has been assigned in full, the assignee is the real party in interest with the right to maintain an action thereon." *Edis v. Edis*, 742 P.2d 954, 955 (Colo. App. 1987). Because Plaintiff assigned "all of the [his] rights and interest and benefits in the insurance claim(s)" to Infinity Roofing (Doc. # 27-1 at 2) and the Assignment was in effect in June 2022, the parties agree that Infinity

7

Roofing, and not Plaintiff, was the real party in interest at the commencement of this litigation. There also appears to be no dispute that Plaintiff is now the real party in interest because the Assignment was cancelled four months after the case began. *See* (Doc. # 27 at 3; Doc. # 30 at 2, 5.)

Rule 17(a) is more flexible than Article III in permitting parties to cure defects that existed at the time the complaint was filed. *Cf. Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) (holding that a plaintiff must have "Article III standing **at the outset of the litigation**" (emphasis added)); *N.M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, 645 F. App'x 795, 802 (10th Cir. 2016) (unpublished) (stating that a plaintiff cannot remedy a defect in constitutional standing retroactively). Pursuant to Rule 17(a)(3), a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." The Tenth Circuit has rejected a "literal reading" of Rule 17(a)(3) which would "appear to require that a party *always* be given a reasonable time to substitute the real party in interest where objection has been made." *Esposito v. United States*, 368 F.3d 1271, 1275 (10th Cir. 2004). Instead, in determining whether ratification is appropriate, the Court should focus "on whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was 'honest'), and on whether the defendant was prejudiced thereby." *Id.* at 1276. Even if a mistake should have been obvious to the plaintiff, substitution or ratification is not automatically foreclosed if the plaintiff did not act in bad

faith and the defendant was not prejudiced. *See id.*; *Metro. Paving Co. v. Int'l Union of Operating Eng'rs*, 439 F.2d 300, 306 (10th Cir. 1971).

In this case, the Court finds that Travelers's objection to Plaintiff as the real party in interest under Rule 17(a) has been cured by Plaintiff and Infinity Roofing cancelling the Assignment. *See Audio-Visual Mktg. Corp. v. Omni Corp.*, 545 F.2d 715, 719 (10th Cir. 1976) (concluding that the objection that a party who was an assignor "was not the real party in interest" was "immediately cured by reassignment and ratification"). Further, the Court finds that Travelers has not been prejudiced by this action being prosecuted by Plaintiff when he was not the real party in interest for four months from June 6, 2022, to October 5, 2022. This is not a case where changing the real party in interest altered the factual allegations, substantially changed the issues, or prejudiced Travelers's ability to conduct discovery. *See Scheufler v. Gen. Host Corp.*, 126 F.3d 1261, 1270 (10th Cir. 1997) (finding no tangible prejudice because "the record suggests defendant was well aware of the relevant parties in this action and what the critical issues would be"); *Garcia v. Hall*, 624 F.2d 150, 151 n.3 (10th Cir. 1980) (concluding that "defendants would not be prejudiced in their defense of this action by changing the named plaintiff" because "they knew the persons and the issues involved"). Plaintiff became the real party in interest when the Assignment was cancelled in October 2022, well before the expiration of any of the discovery deadlines set forth in the scheduling order in this case. *See* (Doc. # 19.) Moreover, discovery has not yet concluded—the cut off is set for April 17, 2023. (*Id.* at 7.) Under these circumstances, the Court finds that the real party in interest defect identified by Travelers has been cured by the cancelled

9

Assignment and that this case may proceed "as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3).

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 27) is DENIED; and

- Defendant's Motion to Stay Pending Disposition of Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 28) is DENIED AS MOOT.

DATED:  March 29, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge